IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Lee Clayton Jr., ) | C/A No. 8:16-1363-RBH-JDA |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | *for dismissal of one Defendant* |
| James Mosely; Lamaz Robinson; B.J. Herlong; ) | |
| Brenda Carpenter, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Robert Lee Clayton Jr. ("Plaintiff"), proceeding pro se, brings this civil action alleging violations of his constitutional rights. Plaintiff is currently detained in the Edgefield County Detention Center in Edgefield, South Carolina. He files this action *in forma pauperis* under 28 U.S.C. § 1915. Defendant Brenda Carpenter should be summarily dismissed from this action without service of process.

## **BACKGROUND**

Plaintiff alleges the following pertinent facts.[*] Brenda Carpenter ("Carpenter") is a state magistrate judge in Edgefield County, South Carolina. [*See* Doc. 1; Doc. 1-2; Doc. 1-3.] On December 27, 2015, Officer James Mosely ("Mosely") responded to a 911 telephone call at Ashley Burge's ("Burge") residence. [*Id.*] Burge's sister placed the call when she heard Burge and Plaintiff arguing. [*Id.*] Mosely questioned Burge, and she told him that Plaintiff had not hit, harmed, or threatened her, and she did not fear for her safety.

---

[*]Many of the alleged factual details are not set forth herein because they are not necessary for this Report and Recommendation, and service of process is authorized for most Defendants. Note that additional facts are alleged against an unspecified magistrate. Those facts do not appear to relate to Carpenter. Even if Plaintiff intends that the additional facts relate to Carpenter, the acts are judicial acts. Thus, judicial immunity still applies as explained herein.

[*Id.*] Mosely telephoned Carpenter about 2:00 a.m. while Carpenter was in her home and not on duty in chambers or the bench. [*Id.*] Mosely asked for, and Carpenter gave, verbal consent to arrest Plaintiff without a warrant for a violation of a condition of bond. [*Id.*] The next morning Plaintiff's bond was revoked by a magistrate McLaren. [*Id.*] However, Plaintiff did not receive any criminal charge based on this arrest. [*Id.*]

Plaintiff alleges violations of his Fourth Amendment rights, equal protection, and due process, and he seeks damages. [*Id.*]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, a portion of the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

Defendant Carpenter should be dismissed from this action based on judicial immunity. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *see also Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages). Whether an act is judicial or nonjudicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties

3

dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority. *Id.* at 12–13. Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Here, the alleged factual misconduct relates to Carpenter's judicial acts in that she allegedly gave permission over the telephone for an arrest without a warrant. Although Plaintiff alleges it was 2:00 a.m. and Carpenter was in her home and not on duty in chambers or the bench, it is clear that the police officer telephoned Carpenter in her judicial capacity to request permission to perform an arrest. Even if Carpenter erroneously gave verbal consent for the arrest, she is still protected by judicial immunity. Listening to alleged facts and making a determination of probable cause for an arrest is an act normally performed by a judge and is considered to be a judicial act. Thus, judicial immunity applies and should bar this lawsuit against Carpenter.

## **RECOMMENDATION**

It is recommended that the Defendant Brenda Carpenter be dismissed from this action without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). The lawsuit remains pending against the other Defendants at this time. **Plaintiff's attention is directed to the important notice on the next page.**

May 25, 2016                                              S/Jacquelyn D. Austin
Greenville, South Carolina                         United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).