UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Robert Lee Clayton, Jr., ) | Civil Action No.: 8:16-cv-01363-RBH-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| James Mosely, Lamaz Robinson, ) | |
| B.J. Herlong, and Brenda Carpenter, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Robert Lee Clayton, Jr., a state pretrial detainee proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 against the four above-named Defendants alleging violations of his constitutional rights. *See* ECF No. 1. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1] *See* R & R, ECF No. 11. The Magistrate Judge recommends that the Court summarily dismiss Defendant Brenda Carpenter from this action without issuance and service of process.[2] R & R at 1, 4.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination

---

[1] The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

[2] The same day she issued the R & R, the Magistrate Judge separately issued an order authorizing service of process as to the other three Defendants (James Mosely, Lamaz Robinson, and B.J. Herlong), who have since answered and filed a pending motion for summary judgment. *See* ECF Nos. 10 & 59.

remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**Discussion**

In his § 1983 complaint, Plaintiff alleges Defendant Brenda Carpenter—a state magistrate judge in Edgefield County, South Carolina—gave Defendant James Mosely (a law enforcement officer) verbal permission to arrest Plaintiff without a warrant.[3] ECF No. 1. at 3-4; ECF No. 1-3 at 1-3. The Magistrate Judge recommends summarily dismissing Defendant Carpenter from this action based on judicial immunity. R & R at 3-4.

After the Magistrate Judge issued the R & R, Plaintiff submitted a filing entitled "Motion to Amend Compliant [*sic*] for Denial of Access to Court and Retaliation by Local Officials" and another

---

[3] The Magistrate Judge's R & R contains a full summary of the procedural and factual history of this case, as well as the applicable legal standards.

filing entitled "Motion to Grant Leave to Amend New Issue for Retaliation." ECF Nos. 15 & 18. In both filings, Plaintiff alleges new facts relating to other allegedly unconstitutional, retaliatory acts committed by Defendant Carpenter.[4] *See id.* He has also attached a copy of a proposed amended complaint and several exhibits. ECF No. 15-1; ECF No. 18-1. Significantly, Plaintiff does *not* object to the Magistrate Judge's conclusion that Defendant Carpenter is protected by judicial immunity, which acts as an absolute bar to suit. *See King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992) ("The Supreme Court has held that judges are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983, under certain conditions." (citing *Pierson v. Ray*, 386 U.S. 547 (1967)); *Diamond*, 416 F.3d at 315 (stating that in the absence of specific objections to the R & R, the Court reviews only for clear error).

Moreover, to the extent Plaintiff seeks to supplement his allegations against Defendant Carpenter, any such amendment would be futile because Plaintiff's allegations relate entirely to judicial acts of Defendant Carpenter. *See King*, 973 F.2d at 356 ("The Supreme Court stated that the common law has long recognized the 'immunity of judges from liability for damages for acts committed within their judicial jurisdiction,' even if such acts were allegedly done either maliciously or corruptly." (quoting *Pierson*, 386 U.S. at 554)); *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (stating leave to amend should be denied if the amendment would be futile). Accordingly, the Court agrees with the Magistrate Judge's recommendation to summarily dismiss Defendant Carpenter from this action.

## Conclusion

---

[4] Plaintiff challenges Defendant Carpenter's authority to issue a no contact order prohibiting him from having contact with the alleged victim. ECF Nos. 15 & 18. The no contact order indicates Plaintiff was "charged with Domestic Violence of a High and Aggravated Nature." ECF No. 18-1 at 6.

After a thorough review of the R & R, Plaintiff's filings, and the relevant law, the Court adopts and incorporates the R & R [ECF No. 11] by reference and summarily **DISMISSES** Defendant Carpenter from this action without issuance and service of process.  The Court **RETURNS** this case to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED.**


Florence, South Carolina                                           s/ R. Bryan Harwell
October 14, 2016                                                    R. Bryan Harwell
                                                                    United States District Judge