UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Robert Lee Clayton, Jr., | ) | Civil Action No.: 8:16-cv-01363-RBH |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| James Mosely, Lamaz Robinson, | ) | |
|  and B.J. Herlong, | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |

    Plaintiff Robert Lee Clayton, Jr., proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1] *See* R & R, ECF No. 88. The Magistrate Judge recommends that the Court (1) dismiss this case pursuant to Federal Rule of Civil Procedure 41(b)[2] and (2) find as moot Defendants' motion for summary judgment and Plaintiff's motion to amend the complaint. R & R at 3-4.

    The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo

---

[1] The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

[2] The R & R indicates the dismissal should be with prejudice. *See* R & R at 2; *see also* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.").

determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

No party has filed objections to the R & R,[3] and the time for doing so has expired.[4]  In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations.  *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error and hereby adopts and incorporates by reference the R & R [ECF No. 88] of the Magistrate Judge.  Accordingly, the Court **DISMISSES** this case *with prejudice* pursuant to Federal Rule of Civil Procedure 41(b).  The Court **DENIES AS MOOT** Defendants' motion for summary judgment [ECF No. 59] and Plaintiff's motion to amend the complaint [ECF No. 76].

---

[3]     The Clerk mailed Plaintiff a copy of the R & R on November 28, 2016.  *See* ECF No. 89.  On December 6, 2016, that mailing was returned as undeliverable.  *See* ECF No. 90.

The record shows that on May 25, 2016 (approximately one month after Plaintiff commenced this action), the Magistrate Judge issued an order informing Plaintiff that he was responsible for notifying the Clerk in writing if his address changed, that his failure to do so would not be excused by the Court, and that "**your case may be dismissed for violating this Order.**"  ECF No. 10 at 3.  Plaintiff has failed to notify the Clerk of his new address and thus has failed to comply with the May 25 order.  *See generally Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (finding the district court did not abuse its discretion in dismissing the plaintiff's action with prejudice because the magistrate judge "specifically warned [the plaintiff] that failure to comply with [an] order would result in a recommendation that the district court dismiss the suit").

[4]     Objections to the R & R were due by December 15, 2016.  *See* ECF No. 88.

**IT IS SO ORDERED.**

Florence, South Carolina  <u>s/ R. Bryan Harwell</u>
December 28, 2016  R. Bryan Harwell
United States District Judge